**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 22-CV-23621-SEITZ

ELIO ELISEO HODGSON CUNNINGHAM,
   Plaintiff,
v.

CELEBRITY CRUISES, INC.;
   Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
**AND COMPEL ARBITRATION**

  THIS MATTER is before the Court on Defendant Celebrity Cruises, Inc.'s, Motion to Dismiss Plaintiff's Complaint [DE 1] and Compel Arbitration. DE 11.  Plaintiff's Complaint alleges one count of unseaworthiness arising from a series of unfortunate health complications he experienced onboard a vessel Defendant operated. DE 1 ¶ 68.

  Defendant argues that dismissal is warranted because this Court lacks jurisdiction due to an arbitration clause in a Collective Bargaining Agreement (the "CBA") incorporated by reference into Plaintiff's Employment Contract. DE 11 at 2.  Plaintiff asserts the jurisdictional prerequisites to enforce arbitration are not met, that Defendant, as a non-signatory to the Employment Contract, cannot enforce the arbitration clause, and that the unseaworthiness claim is not governed by the arbitration clause. DE 16. The Court has reviewed the record, Defendant's Motion [DE 11], the supporting affidavit [DE 11-1], Plaintiff's Response [DE 16], and Defendant's Reply [DE 18]. Because there is an enforceable arbitration agreement which encompasses Plaintiff's allegations of unseaworthiness, Defendant's Motion to Dismiss and Compel Arbitration must be granted.

  **I. FACTUAL BACKGROUND**

  On December 17, 2019, Plaintiff, a Nicaraguan citizen, signed a one-page Employment Contract with Sea Chefs Cruises Ltd, a Cypriot entity and non-party to this

1

action. DE 1-1. The Employment Contract contains six boxes.[1] Only Boxes 4, 5, and 6 are relevant to this action.

Box 4 is titled "Benefits and Terms, Complaints Procedure and Arbitration Agreement." *Id.* Specifically, the second sentence of the two-sentence box states:

> The CBA contains a complaints procedure and an arbitration agreement which exclude the jurisdiction of national courts and tribunals.

*Id.*

Box 5 lists Defendant as the entity undertaking the duties under the Maritime Labour Convention (2006) (the "MLC"), specifically "ship safety, human security, and quality ship management." DE 1 ¶ 14; DE 1-1. In Box 6, Plaintiff signed his name directly underneath a clause stating he acknowledged, read, understood, and agreed to be bound by the terms and conditions in the CBA. DE 1-1.

The CBA, comprised of twenty-four articles and six annexes, was attached to the Employment Contract when Plaintiff signed it. DE 11-1 at 3 ¶ 9. Article 1 of the CBA specifies "the MLC-responsible-company for purposes of this Agreement is Celebrity Cruises, Inc." *Id.* at 8. Article 24 of the CBA specifically excludes the jurisdiction of United States courts and states the Employment Contract is subject to the arbitration agreement contained in Annex 5. *Id.* at 24. Annex 5, paragraph 5 states:

> [A]ll claims, grievances, and disputes of any kind relating to . . . the Seafarer's service to the Company . . . whether asserted against the Seafarer, Company, Master, Ship Owner, Vessel, Vessel Operator or their agents, shall be referred to and resolved exclusively by binding arbitration . . . .[2]

*Id.* at 39.

---

[1] Box 1 contains Plaintiff's information. Box 2 lists Plaintiff's next of kin. Box 3 is "Employment Details." DE 1-1.

[2] The arbitration agreement provides arbitration will occur in a place where either Cyprus law or Maltese law applies. DE 11-1 at 39.

Plaintiff joined the crew on January 17, 2020 as an assistant housekeeper. DE 1 ¶ 25. Shortly after Plaintiff's employment began, the COVID-19 pandemic caused all operations to cease. DE 1 ¶ 26. Plaintiff alleges that Defendant's negligent actions began when he was forced to work on the vessel at the outset of the pandemic in "enclosed areas" which "lacked circulated air," thus exposing Plaintiff to COVID-19. DE 1 ¶ 28. Plaintiff alleges that he was forced to "overexert himself" in "sauna like conditions" due to the reduced staff. DE 1 ¶¶ 27-29. At some point in March 2020, Plaintiff visited the infirmary complaining of a cough, congestion, and headaches, for which he was prescribed medication.[3] DE 1 ¶ 32. Not long after, while carrying and transporting king size mattresses and sheets to the laundry, Plaintiff collapsed. DE 1 ¶¶ 38-39. Following this incident, Plaintiff was hospitalized, received rehabilitative treatment, and continued to suffer from health complications. DE 1 ¶¶ 45-51. Plaintiff's single count of unseaworthiness is based on the vessel's "unsafe conditions" and the medicine prescribed, which caused his injuries. DE 1 ¶ 58.

## II.     LEGAL STANDARD

Motions to compel arbitration are treated as motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When a motion to dismiss challenges subject matter jurisdiction, the Court may consider affidavits. *Murphy v. Secretary, U.S. Department of Army,* 769 F. App'x 779 (11th Cir. 2019) (citing *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980)). The Court has considered Defendant's supporting affidavit, signed by Defendant's counsel in Cyrpus. DE 11-1 at 1.

The United States Supreme Court has expressed a liberal federal policy favoring the enforcement of arbitration provisions. *See Mitsubishi Motors Corp. v. Soler Chrysler-*

---

[3] Plaintiff was given *Novaminsulfon* and *Moxifloxacin Hexal*, an anti-inflammatory and antibiotic, respectively. DE 1 ¶ 32.

3

*Plymouth, Inc.*, 473 U.S. 614, 625 (1985). This strong presumption in favor of arbitration "applies with special force in the field of international commerce." *Id.* at 631. Because this is a contract between two foreign entities and Defendant is seeking to enforce arbitration in a foreign jurisdiction, the Court applies the framework set forth in The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). The United States enforces the Convention through Chapter 2 of the Federal Arbitration Act ("FAA"). 9 U.S.C. §§ 201-208. The Supreme Court has expressed the Convention's goal is to recognize and enforce commercial arbitration agreements in international contracts. *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520 n.15 (1974).

The issues the Court must consider are whether the jurisdictional prerequisites required under the Convention are met, whether Defendant can enforce the arbitration clause as a non-signatory to the underlying agreements, and whether Plaintiff's unseaworthiness claim is subject to the arbitration clause.

### III.   ANALYSIS

#### a.   The jurisdictional prerequisites required under the Convention are met.

In light of the strong federal policy favoring arbitration, courts are to conduct "a very limited inquiry" in deciding whether to enforce an arbitration agreement pursuant to the Convention. *Bautista v. Star Cruises*, 396 F.3d 1289, 1294-95 (11th Cir. 2005). The four jurisdictional prerequisites are: (1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a signatory to the Convention; (3) the agreement to arbitrate arises out of a commercial legal relationship; and (4) there is a party to the agreement who is not an American citizen.[4] *Id.* at 1294, n.7.

---

[4] The analysis under the Convention also requires a finding that affirmative defenses do not apply, however Plaintiff did not raise any affirmative defenses in his Response. *Bautista*, at 1295.

4

Here, all jurisdictional requirements are met. There is a written, one-page agreement which specifically calls for arbitration and excludes the jurisdiction of national courts and tribunals, evinced by the Employment Contract attached to Plaintiff's Complaint.  DE 1-1. Plaintiff signed his name acknowledging that he read and understood the terms of the applicable CBA.  The CBA provides for arbitration in Cyprus, a signatory of the Convention. DE 11-1.  The arbitration agreement arises out of a commercial legal relationship.[5]  Neither party to the Employment Contract is an American citizen. DE 1-1. As such, the arbitration clause in the CBA is enforceable because all four jurisdictional prerequisites are met.

### b. Defendant can enforce the arbitration clause as a non-signatory to the Employment Contract and CBA.

Interpretation of arbitration agreements is governed by state contract law.[6] *Physician Consortium Services, LLC v. Molina Healthcare, Inc.*, 414 F. App'x 240, 242 (11th Cir. 2011) (citing *Arthur Andersen LLP v. Carlisle,* 129 S.Ct. 1896, 1902 (2009)).  Under Florida contract law, a party cannot simultaneously "take advantage of contract provisions" to impose liability while at the same time avoiding another contract term or provision. *Giller v. Cafeteria of South Beach, Ltd., LLP*, 967 So. 2d 240, 242 (Fla. 3d DCA 2007) (citing to *United Contractor's Inc. v. United Construction Corp.,* 187 So. 2d 695, 701-02 (Fla. 2d DCA 1966)). As such, a plaintiff who is a signatory to a contract outlining the duties of the parties and containing an arbitration clause cannot seek to recover against a non-signatory on the basis of that contract while avoiding the arbitration clause. *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.,* 845 F.3d 1351, 1354 (11th Cir. 2017) (citing

---

[5] The Eleventh Circuit has held an employment contract constitutes a commercial legal relationship under the Convention.  *Bautista*, 396 F.3d at 1300.

[6] As per Defendant's affidavit, the same conclusion would be reached under Cypriot law. DE 11-1 at 2 ¶ 5.

*Allscripts Healthcare Solutions, Inc. v. Pain Clinic of Northwest Florida, Inc.,* 158 So. 3d 644, 646 (Fla. 3d DCA 2014)).

Plaintiff's Complaint specifically references Box 5 of the Employment Contract and identifies Defendant as the entity undertaking the duties under the MLC. DE 1 ¶ 6. Defendant is named in this action because Defendant allegedly breached these duties. DE 1 ¶ 59. Thus, Plaintiff's allegations are rooted in the terms of the Employment Contract. Further, the Plaintiff does not refute that he signed the Employment Contract or that the CBA was attached to the Employment Contract when he signed it. As such, Plaintiff cannot circumvent the arbitration clause in the CBA while alleging Defendant breached duties specified in the Employment Contract.

Further, the scope of the arbitration clause encompasses Defendant. DE 11-1 at 8. Although Defendant is not a signatory to either the Employment Contract or the CBA, Defendant is identified in both documents as the entity responsible for MLC imposed duties. DE 1-1; DE 11-1 at 8. Defendant was clearly accounted for in the drafting of these documents and contemplated as an entity entitled to arbitration. Thus, Defendant is entitled to arbitration even as a non-signatory to the underlying agreements.

  **c.**  **Plaintiff's claim falls under the arbitration clause.**

The Eleventh Circuit has held that a plaintiff's claims of unseaworthiness arise from a plaintiff's "undisputed status as a 'seaman.'" *Jane Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1220 (11th Cir. 2011). Therefore, such claims would be subject to alternative dispute resolution when an arbitration agreement specifically includes claims which relate to a plaintiff's employment or service on a vessel. *Id*; *see also Sierra v. Cruise Ships Catering and Services Intern., N.V.*, 631 F. App'x 714, 717 (11th Cir. 2015) (holding that a plaintiff's unseaworthiness claim, which included a claim for inadequate medical care, was

subject to an arbitration clause in a collective bargaining agreement which was incorporated by reference into an employment contract.)

Plaintiff's Response argues that his unseaworthiness claim is limited to Plaintiff being "prescribed and administered dangerous medications," and as such does not fall within the arbitration clause since it does not relate to Plaintiff's "service to the Company." DE 16 at 2, 7.  However, Plaintiff's argument loses its sea legs when read in conjunction with the Complaint which lists sixteen ways in which the vessel was unseaworthy, not one of which refers to the inappropriate administration of medication. DE 1 ¶ 68. Plaintiff only finds himself on the vessel because of his employment, i.e., his "service to the Company." The factual essence of Plaintiff's claim is that he was forced to work in poor conditions and the medical treatment he received led to his collapse while performing his duties on the vessel. DE 1 ¶ 27; ¶ 39.  Plaintiff cannot divorce himself from the allegations in his Complaint. As such, Plaintiff's claim clearly relates to his "service to the Company" and falls under the arbitration clause.

## IV.    CONCLUSION

Because the arbitration agreement meets the jurisdictional prerequisites, Defendant can enforce the agreement as a non-signatory, and Plaintiff's claim falls within the arbitration clause, dismissal of Plaintiff's Complaint [DE 1] and arbitration are appropriate. Furthermore, because the Employment Agreement and CBA expressly exclude the jurisdiction of United States courts, the Court will not retain jurisdiction pending arbitration proceedings.  As such, it is

ORDERED THAT

(1) Defendant's Motion to Dismiss Plaintiff's Complaint and Compel Arbitration [DE 11] is **GRANTED**;

(2) The parties shall submit to arbitration all claims asserted in this matter in accordance with the arbitration clause in Box 4 of the Employment Agreement and Annex 5 of the Collective Bargaining Agreement incorporated into the Employment Agreement;

(3) All motions not otherwise ruled upon are **DENIED AS MOOT**; and

(4) This case is **CLOSED**.

**DONE and ORDERED** at Miami, Florida, this 31st day of March, 2023.



PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

Cc: Counsel of Record